## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT COURT OF ALABAMA
### EASTERN DIVISION

RECEIVED

2007 MAR -7 P 3: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

LORI L. FAWBUSH,                    )
                                    )
    Plaintiff,                  )
                                    )
                                    )   Civil Action No.: CV-~~07~~- 3:07-CV-204-WKW
                                    )
ALLISON M. LUSARDI, et al.          )
                                    )
    Defendants.                 )

### NOTICE OF REMOVAL

    Allison M. Lusardi ("Lusardi"), files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully represents that:

    1.    On or about January 19, 2007, Plaintiff commenced a civil action against Allison M. Lusardi by Summons and Complaint in the Circuit Court of Chambers County Alabama, captioned <u>Lori L. Fawbush v. Allison M. Lusardi,</u> et al., case number 07-000018. A copy of the state court file is attached hereto as **Exhibit A**. According to the Complaint, Plaintiff is a resident citizen of West Point, Georgia, Defendant Allison M. Lusardi is a resident citizen of Lees Summit, Missouri.

    2.    The amount in controversy exceeds $75,000.00.

    3.    Lusardi was served with the Complaint on February 8, 2007. Pursuant to 28 U.S.C. §1446(b), removal is timely because 30 days have not elapsed since receipt by Allison M. Lusardi of the Plaintiff's Complaint.

    4.    This Court has original and removal jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441in that the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. Specifically, Plaintiff is a citizen of Georgia. Allison M. Lusardi who has been served, is a resident citizen of Missouri.

5.    Notice of removal of the above-styled action has been given to the Clerk of the Circuit Court of Chambers County, Alabama, and to the Plaintiff, as required by 28 U.S.C. § 1446(d). (See **Exhibit B**, attached hereto).

WHEREFORE, Defendant Allison M. Lusardi desiring to remove this case to the United States District Court for the Middle District of Alabama, requests that after the filing of this Notice of Removal, the giving of written notice to the plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Chambers County, Alabama, this Court take jurisdiction over this civil action.

RONALD G. DAVENPORT (DAV044)
R. MAC FREEMAN, JR. (FRE046)
Attorneys for Defendant Allison M. Lusardi

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

> Tutt Barrett, Esq.
> Dean & Barrett
> P.O. Box 231
> Opelika, AL 36803-0231

by placing a true copy of same in the United States mail, postage prepaid, this 7TH day of March, 2007.

_Ronald D. Dargut_
Of Counsel

# EXHIBIT
# A

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| LORI L. FAWBUSH, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV 07-____ $O18$ ____ |
| | ) |
| ALLISON M. LUSARDI, | ) |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY and Fictitious | ) |
| Defendants X, Y and Z whose identities | ) |
| are presently unknown to the Plaintiff, | ) |
| | ) |
| Defendants. | ) |

St. Louis Safeco

№ FEB 1 5 2007

Mail Received

## CIVIL SUMMONS

Notice to    Allison M. Lusardi
4104 Georgian Drive
Lees Summit, MO 64064

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiffs' Attorney J. Tutt Barrett, whose address is Dean & Barrett, P.O. Box 231, Opelika, AL 36803-0231.

This Answer must be mailed or delivered within 30 days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure

____    You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant.

_X__    Service by Certified Mail of this Summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Date 01-26-07    Charles W. Story    By:_____

Clerk/Register

_X__    Certified Mail is hereby requested.    _____

EXHIBIT

A

## RETURN OF SERVICE

____    Return receipt of certified mail received in this office on _____.

____    I certify that I personally delivered a copy of the Summons & Complaint to _____
         in _____ County, Alabama, on _____.


_____
DATE

_____
Address of Server

_____
SERVER'S SIGNATURE

_____
Type of Process Server

2

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

LORI L. FAWBUSH,                    )
                                    )
    Plaintiff,                  )
                                    )
v.                                  ) CIVIL ACTION NO. CV 07-____018____
                                    )
ALLISON M. LUSARDI,                 )
TRAVELERS CASUALTY AND              )
SURETY COMPANY and Fictitious       )
Defendants X, Y and Z whose identities )
are presently unknown to the Plaintiff, )
                                    )
    Defendants.                 )

```
FILED IN OFFICE THIS

JAN 1 9 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA
```

## COMPLAINT

### GENERAL ALLEGATIONS

1. Plaintiff, Lori L. Fawbush, is over the age of 19 years and is a resident citizen of West Point, Georgia.

2. Defendant, Allison M. Lusardi, is over the age of 19 years and is a resident citizen of Lees Summit, Missouri.

3. Defendant, Travelers Casualty and Surety Company, is a corporation doing business in the State of Alabama and the provider of uninsured motorist coverage for Lori L. Fawbush, on December 14, 2005.

4. Fictitious Defendant X is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of Defendant, Allison M. Lusardi, because of the doctrine of *respondeat superior*.

5. Fictitious Defendant Y is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of Defendant, Allison M. Lusardi, because he was involved

in a joint venture with the Defendant.

6. Fictitious Defendant Z is that person or entity whose identity is presently unknown to the Plaintiff whose negligence or wantonness concurred with that of Defendants Allison M. Lusardi and Fictitious Defendants X and Y to proximately cause the Plaintiff's injuries.

7. Upon information and belief, Allison M. Lusardi was driving a 1999 Suzuki automobile when she negligently and/or wantonly caused the vehicle to collide with a vehicle driven by the Plaintiff, Lori L. Fawbush, who was traveling north on Interstate 85 at the intersection of Chambers County Road 208 and CV Railroad in Chambers County, Alabama.

## COUNT ONE

8. Plaintiff incorporates the general allegations.

9. On or about December 14, 2005, in Chambers County, Alabama, on Interstate 85 at or near the intersection of Chambers County Road 208, Defendant, Allison M. Lusardi, negligently operated her motor vehicle in such a way as to cause it to collide with a vehicle driven by the Plaintiff, Lori L. Fawbush, who was traveling north on Interstate 85 in Chambers County, Alabama.

10. The Defendant, Allison M. Lusardi, is guilty of negligence per se because she violated provisions of the Alabama Rules of the Road including Title 32-5A-89, *Code of Alabama* (1975).

11. Fictitious Defendant X is liable to the Plaintiff for the injuries caused by Allison M. Lusardi because Allison M. Lusardi was either the agent, servant or employee of Fictitious Defendant X and Allison M. Lusardi was acting within the line and scope of her employment for Fictitious Defendant X at the time of the accident.

12. Fictitious Defendant Y is liable to the to the Plaintiff for the injuries caused by Allison M. Lusardi because Allison M. Lusardi was carrying on a joint venture with Fictitious Defendant Y.

2

13. Fictitious Defendant Z is liable to the Plaintiff because Allison M. Lusardi's negligence concurred with the negligence of Fictitious Defendant Z to cause the Plaintiff's injuries.

14. As a proximate result of the negligence of the said Allison M. Lusardi and Fictitious Defendants X, Y and Z, Plaintiff Lori L. Fawbush was injured physically and sustained injuries to her body which are permanent in nature and also sustained substantial pain, suffering, mental anguish, permanent disability, and medical expenses. Plaintiff also lost earnings and the ability to earn.

**WHEREFORE**, Plaintiff demands judgment against Defendants Allison M. Lusardi and Fictitious Defendants X, Y and Z in an amount to be determined by a struck jury, plus interest and costs.

## COUNT TWO

15. Plaintiff incorporates the averments of paragraphs 1 - 14 as if fully set out herein.

16. On or about December 14, 2005, in Chambers County, Alabama, on Interstate 85 at or near the intersection of Chambers County Road 208, Defendant, Allison M. Lusardi, wantonly operated her motor vehicle in such a way as to cause it to collide with a vehicle driven by the Plaintiff, Lori L. Fawbush, who was traveling north on Interstate 85 in Chambers County, Alabama.

17. As a proximate result of the wantonness of the said Allison M. Lusardi and Fictitious Defendants X, Y and Z, Plaintiff Lori L. Fawbush was injured physically and sustained injuries to her body which are permanent in nature and also sustained substantial pain, suffering, mental anguish, permanent disability, and medical expenses. Plaintiff also lost earnings and the ability to earn.

18. Allison M. Lusardi operated her vehicle wantonly with a reckless disregard for the safety

3

of others including the Plaintiff.

19.  Plaintiff claims punitive damages against the Defendants in order to deter them and others similarly situated from such conduct in the future.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendant Allison M. Lusardi and Fictitious Defendants X, Y and Z in an amount to be determined by a struck jury, plus interest and costs.

## COUNT THREE

20.  Plaintiff incorporates the averments of paragraphs 1 - 19 as if fully set out herein.

21.  On or about December 14, 2005, in Chambers County, Alabama, the Plaintiff was hit by a vehicle which was negligently or wantonly operated by Allison M. Lusardi who was, at that time, operating an uninsured motor vehicle as defined by § 32-7-23(b)(4) of the Code of Alabama (1975).

22.  At the time of the collision on December 14, 2005, Lori L. Fawbush was insured under an automobile insurance policy with Travelers Casualty and Surety Company (hereinafter "Travelers") which included uninsured motorist coverage.

23.  On information and belief, the policy number is 9450489191012.

24.  At the time of the collision on December 14, 2005, Lori L. Fawbush was covered by the said policy of uninsured motorist coverage written by the Defendant, Travelers.

25.  Plaintiff further avers that Travelers is aware of the provisions of said policy, has a copy of it and, in fact, wrote it.

26.  On or about December 14, 2005, in Chambers County, Alabama, the Plaintiff, Lori L. Fawbush's vehicle was hit by a vehicle which was negligently and/or wantonly operated by Allison

4

M. Lusardi who was, at that time, operating an uninsured motor vehicle as defined by § 32-7-23(b)(4) of the *Code of Alabama* (1975).

27.  As a proximate result of the negligence and/or wantonness of Allison M. Lusardi, Plaintiff Lori L. Fawbush was injured.

28.  Plaintiff avers that she is entitled to recover damages which are necessary to compensate the Plaintiff and to punish the Defendants for the wrongfulness of their acts, which said damages far exceed the liability coverage available to Allison M. Lusardi.

**WHEREFORE**, Plaintiff Lori L. Fawbush demands judgment against Travelers in an amount to be determined by the jury, of all available uninsured motorist benefits to which she is legally entitled from Travelers.

DEAN & BARRETT

J. TUTT BARRETT (BAR049)
Attorney for Plaintiffs

OF COUNSEL:
P.O. Box 231
Opelika, Alabama 36803-0231
(334) 749-2222

## JURY DEMAND

Plaintiff demands trial by a struck jury on all issues in the above Complaint.

J. TUTT BARRETT
Attorney for Plaintiff

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL</u>**

**<u>PLEASE SERVE DISCOVERY WITH COMPLAINT</u>**

<u>Defendants' Addresses</u>

Allison M. Lusardi
4104 Georgian Drive
Lees Summit, MO 64064

Travelers Casualty and Surety Company
c/o Registered Agent
Gregory Miller
3000 Riverchase Galleria
Birmingham, AL 35244-2315

6

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

LORI L. FAWBUSH,                          )
                                          )
    Plaintiff,                        )
                                          )
v.                                        ) CIVIL ACTION NO. CV 07-____ *018*
                                          )
ALLISON M. LUSARDI,                       )
TRAVELERS CASUALTY AND                    )
SURETY COMPANY and Fictitious             )
Defendants X, Y and Z whose identities    )
are presently unknown to the Plaintiff,   )
                                          )
    Defendants.                       )

FILED IN OFFICE THIS

JAN 19 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT ALLISON M. LUSARDI

**COMES NOW** the Plaintiff in the above-styled case, Allison M. Lusardi, and desiring the testimony of the Defendant, hereby propounds the following interrogatories, each of which is to be answered within thirty (30) days under oath, in accordance with the Alabama Rules of Civil Procedure:

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

1.    The term "you" or "your" shall mean this Defendant, this Defendant's attorneys, employees, agents, or representatives and all persons acting on behalf of the Defendant. In the event that there are more than one Defendant, the term "you" or "your" shall mean the Defendants, separately and severally, their attorneys, employees, agents, or representatives and all other persons acting on their behalf.

2.    The term "person" shall mean any individual, partnership, firm, association,

corporation, or other business, governmental, educational, legal, or other entity.

3.      The term "document" shall mean any written, recorded, transcribed, punched, taped, filmed, graphically or otherwise reproduced material of any and all kinds or descriptions however produced or reproduced.

4.      The term "address" shall mean the complete street, street number, city, state, post office box or route, and box address of the subject person, as that term is applied in number 2 above.

5.      The term "identify" or "identification" when used with reference to a person, shall mean to state the full name, and present or last known address of said person.  When used with reference to a document, the term "identify" or "identification" shall mean to state the document's date, author or signer, the full address of the author or signer, the type of document, and all other means of designating or describing said document, including but not limited to, the present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state the disposition of said document and the reason for said disposition.

## INTERROGATORIES

1.      State your full name, date of birth, social security number, driver's license number and residence address.

2.      Are you named correctly in this lawsuit?  If not, please state your correct full name.

2

3.    Give the name and address of your employer on December 14, 2005, the nature and title of work you performed for your employer, and state whether you were acting within the line and scope of your employment at the time that this accident happened.

4.    Please state the name, address and telephone number of any and all witnesses you know of to the collision made the subject of the above-styled case or of anyone who you know, or that you have reason to believe, has or may have any knowledge whatsoever of any facts or any material issues involved in the said collision and/or in this lawsuit.

5.    In Plaintiff's complaint, Plaintiff has alleged that she was injured in a collision with a vehicle negligently operated by you. Do you deny that you negligently operated your vehicle on said occasion? If so, please state specifically and in detail each and every fact upon which you base your denial.

6.    In Plaintiff's complaint, Plaintiff has alleged that she was injured in a collision with a vehicle wantonly operated by you. Do you deny that you wantonly operated your vehicle on said occasion? If so, please state specifically and in detail each and every fact upon which you base your denial.

7.    Do you contend that Plaintiff was negligent in any manner that contributed to the Plaintiff's injuries? If so, please state specifically and in detail each and every fact upon which you base your contention.

8.    Regarding any conversations that you have had with the Plaintiff, or any statements that you have heard the Plaintiff make, please state:

3

    a.    the date of each conversation or statement;

    b.    the names and addresses of each party to said conversation or statement;

    c.    the names and addresses of any and all persons present during each conversation; and

    d.    what was said by each party in the conversation or statement.

9.    State the names and addresses of any and all optometrists or ophthamologists who have treated or examined your eyes in the past five years.

10.    Please list every liability insurance policy by company, policy number and liability limits, which covers this Defendant from risk or loss claimed as a result of the incident made the basis of this lawsuit.

11.    To what degree, if any, was your visibility impaired at or about the time of the collision?

12.    With regard to the trip you were making at the time of the collision, state:

    a.    the place where the trip was commenced;

    b.    the planned destination;

    c.    the purpose of the trip; and

    d.    whether you were performing any tasks for your employer.

4

13.   Describe fully and in detail exactly how the accident happened, specifying those facts based upon your own personal knowledge, those facts or matters that someone related to you, the identity of that person(s), and those matters based upon surmise or your opinion.

14.   Did you have a cell or digital telephone in your vehicle at the time of this collision? If so, please provide the name of the provider of your service and your telephone number and state whether you were using the telephone at the time of this accident.

15.   What, if anything, was done by you in the operation of your vehicle in an attempt to avoid the collision?

16.   Please give the name and address of each physician, hospital and any other health care provider who or which has examined or treated you for any injury you may have sustained from this accident.

17.   Have you ever been involved in any automobile accidents prior to or since the collision made the basis of this suit? If so, please state:

   a.     the date and location of each said accident;

5

b.   the name and address of each and every other party involved in said accident; and

c.   whether you were involved in any litigation relating to said accident and state the style of each said litigation.

18.   Have you ever been cited for any moving traffic violations, including speeding in the last 5 years. If so, please state the date, location and offense of each said traffic citation.

19.   Please state the speed in miles per hour at which the vehicle operated by you was traveling immediately before the collision.

20.   Please describe fully and in complete detail any alcohol or drugs, prescription and non-prescription, which you ingested within 24 hours prior to the occurrence.

21.   At the time of the occurrence, were there any restrictions, qualifications, or conditions contained on your motor vehicle operator's license? If so, what?

22.   State the name and address of each person, if any, who saw, claims to have seen, or is reported to have seen you at any time within 8 hours before the accident or within 8 hours after the accident.

DEAN & BARRETT

J. TUTT BARRETT (BAR049)
Attorney for Plaintiff

6

OF COUNSEL:
P.O. Box 231
Opelika, Alabama 36803-0231
(334) 749-2222


Defendant's Address

Allison M. Lusardi
4104 Georgian Drive
Lees Summit, MO 64064

7

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

LORI L. FAWBUSH,                              )
                                             )
    Plaintiff,                           )
                                             )
v.                                           ) CIVIL ACTION NO. CV 07
                                             )
ALLISON M. LUSARDI,                          )
TRAVELERS CASUALTY AND                       )
SURETY COMPANY and Fictitious                )
Defendants X, Y and Z whose identities       )
are presently unknown to the Plaintiff,      )
                                             )
    Defendants.                          )

FILED IN OFFICE THIS

JAN 19 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### REQUEST FOR INSPECTION AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ALLISON M. LUSARDI

COMES NOW the Plaintiff in the above-styled case and pursuant to Rule 34 of the

Alabama Rules of Civil Procedure, request the Defendant to permit inspection of the following

objects and produce for inspection and copying the following documents in your possession,

custody and/or control:

    1.    That the Defendant produce for inspection and copying to the law firm of Dean &

Barrett, P.O. Box 231, Opelika, AL 36803-0231, the following documents in your possession,

custody and/or control:

        a.    any and all photographs, video tapes, exhibits, drawings or any other

            documents which the Defendant expects to use as evidence in the trial of

            this case;

        b.    copies of any and all statements, whether written statements, oral statements

            or typed transcriptions of oral statements made by the Plaintiff, or anyone

            claiming to be acting on behalf of the Plaintiff to anyone relating to the

collision of July 30, 2002, and/or relating to Plaintiff's damages or injuries, made the subject of Plaintiff's complaint;

c.    copies of any and all statements, whether written statements, oral statements or typed transcriptions of oral statements of any witnesses or any other persons having any knowledge whatsoever of the collision made the subject of Plaintiff's complaint;

d.    copies of any and all documents or any other type of writings which evidence or relate to the automobile driven by Defendant, Lusardi, and involved in the collision made the subject of Plaintiff's complaint, including but not limited to, ownership records, including the title or application for title, any and all writings, photographs, estimates concerning any damages sustained by the vehicle in the collision;

e.    any and all photographs and/or video tapes of the Defendant's vehicle and/or the Plaintiff's vehicle, and the accident scene; and

f.    copies of any and all photographs or videotapes depicting the Plaintiff.

g.    copies of all liability insurance policies that were in effect on December 14, 2005, for Defendant's vehicle including but not limited to the declarations page for said policy.

DEAN & BARRETT

J. TUTT BARRETT (BAR049)
Attorney for Plaintiff

2

OF COUNSEL:
P.O. Box 231
Opelika, Alabama 36803-0231
(334) 749-2222


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**


Defendant's Address

Allison M. Lusardi
4104 Georgian Drive
Lees Summit, MO 64064

3

# Exhibit B

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

LORI L. FAWBUSH,                    )
                                    )
        Plaintiff,                  )
                                    )
                                    )    Civil Action No.: CV- 07-000018
                                    )
ALLISON M. LUSARDI, et al.          )
                                    )
        Defendants.                 )

## NOTICE TO STATE COURT OF REMOVAL

Defendant, Allison Lusardi by and through her attorneys, hereby gives notice that she has, contemporaneous with the filing of this Notice, removed this action to the United States District Court for the Middle District of Alabama.  A copy of Lusardi's Notice of Removal to the United States District Court for the Middle District of Alabama is attached hereto as **Exhibit 1**.


RONALD G. DAVENPORT (DAV044)
R. MAC FREEMAN, JR. (FRE046)
Attorneys for Defendant Allison M. Lusardi


OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)

EXHIBIT
*B*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

>
> Tutt Barrett, Esq.
> Dean & Barrett
> P.O. Box 231
> Opelika, AL 36803-0231

by placing a true copy of same in the United States mail, postage prepaid, this 7th day of March, 2007.

Of Counsel

2