**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT OF ALABAMA
EASTERN DIVISION**

LORI L. FAWBUSH,                    )
                                    )
        Plaintiff,                  )
                                    )
                                    )    Civil Action No.: CV-3:07-cv-204-WKW
                                    )
ALLISON M. LUSARDI, et al.          )
                                    )
        Defendants.                 )

<u>**ANSWER OF DEFENDANT ALLISON M. LUSARDI**</u>

Comes now the Defendant, Allison M. Lusardi, and for answer to Plaintiff's complaint heretofore filed says as follows:

1.      This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 1 of plaintiff's complaint.

2.      This defendant admits the allegations contained in paragraph 2 of plaintiff's complaint.

3.      This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 3 of plaintiff's complaint.

4.      This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 4 of plaintiff's complaint.

5.      This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 5 of plaintiff's complaint.

6.      This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 6 of plaintiff's complaint.

7.      This defendant admits that she was driving a 1999 Suzuki automobile which was involved in a collision with a vehicle driven by the plaintiff, Lori L. Fawbush, on I-85 on December 14, 2005. This defendant denies the remaining allegations contained in paragraph 7 of plaintiff's complaint and demands strict proof thereof.

## COUNT ONE

8.      This defendant adopts her answers to all prior paragraphs of plaintiff's complaint as though fully set out herein.

9.      This defendant admits that she was driving a vehicle involved in a collision with a motor vehicle driven by the plaintiff on December 14, 2005 on I-85. This defendant denies the remaining allegations contained in paragraph 9 of plaintiff's complaint and demands strict proof thereof.

10.      This defendant denies the allegations contained in paragraph 10 of plaintiff's complaint and demands strict proof thereof.

11.      This defendant denies the allegations contained in paragraph 11 of plaintiff's complaint and demands strict proof thereof.

12.      This defendant denies the allegations contained in paragraph 12 of plaintiff's complaint and demands strict proof thereof.

13.      This defendant denies the allegations contained in paragraph 13 of plaintiff's complaint and demands strict proof thereof.

14.      This defendant denies the allegations contained in paragraph 14 of plaintiff's complaint and demands strict proof thereof.

## COUNT TWO

15.    This defendant adopts her answers to paragraphs 1-14 of plaintiff's complaint as though fully set out herein.

16.    This defendant admits that she was driving a vehicle involved in a collision with a motor vehicle driven by the plaintiff on December 14, 2005 on I-85. This defendant denies the remaining allegations contained in paragraph 16 of plaintiff's complaint and demands strict proof thereof.

17.    This defendant denies the allegations contained in paragraph 17 of plaintiff's complaint and demands strict proof thereof.

18.    This defendant denies the allegations contained in paragraph 18 of plaintiff's complaint and demands strict proof thereof.

19.    This defendant denies the allegations contained in paragraph 19 of plaintiff's complaint and demands strict proof thereof.

## COUNT THREE

20.    This defendant adopts her answers to paragraphs 1-19 of plaintiff's complaint as though fully set out herein.

21.    This defendant denies the allegations contained in paragraph 21 of plaintiff's complaint and demands strict proof thereof.

22.    This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 22 of plaintiff's complaint.

23.    This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 23 of plaintiff's complaint.

3

24.    This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 24 of plaintiff's complaint.

25.    This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 25 of plaintiff's complaint.

26.    This defendant denies the allegations contained in paragraph 26 of plaintiff's complaint and demands strict proof thereof.

27.    This defendant denies the allegations contained in paragraph 27 of plaintiff's complaint and demands strict proof thereof.

28.    This defendant denies the allegations contained in paragraph 28 of plaintiff's complaint and demands strict proof thereof.

29.    This defendant denies each and every allegation of plaintiff's complaint not herein admitted, controverted or specifically denied.

## DEFENSES

1.    For a first, separate and distinct defense, this defendant avers that the plaintiff was herself guilty of negligence which proximately caused or contributed to the injuries of which she complains and she is therefore barred from recovery.

2.    For a second, separate and distinct defense, this defendant avers that the plaintiff has failed to mitigate her damages.

3.    For a third, separate and distinct defense, this defendant avers that the plaintiff is precluded from recovery by application of the Sudden Emergency Doctrine.

4.    For a fourth, separate and distinct defense, this defendant avers that the award of punitive damages claimed by plaintiff violates Article I, Section 10(1) and/or

4

the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

5

(h)    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i)    That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)    That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)    That standards of conduct upon which punitive damages are awarded are vague.

(l)    That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)    That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)    That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

5.    For a fifth, separate and distinct defense, this defendant avers that the demand for punitive damages in the instant case is subject to those limitations

established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

6.     For a sixth, separate and distinct defense, this defendant avers that the Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

7.     For a seventh, separate and distinct defense, this defendant avers that under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

8.     For an eighth, separate and distinct defense, this defendant avers that to the extent that plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this defendant, this award contravenes the defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

9.     For a ninth, separate and distinct defense, this defendant avers that with respect to the plaintiff's demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that may be articulated

in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

10.     For a tenth, separate and distinct defense, this defendant avers that plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

11.     For an eleventh, separate and distinct defense, this defendant avers that the Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendant of due process of law.

12.     For a twelfth, separate and distinct defense, this defendant pleads the applicable cap.

13.     For a thirteenth, separate and distinct defense, this defendant avers that to the extent that the plaintiff seeks compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate this defendant's

right to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, the plaintiff cannot recover compensatory damages for pain and suffering.

14.    This defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
R. MAC FREEMAN, JR. (FRE046)
Attorneys for Defendant Allison M. Lusardi

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tutt Barrett, Esq.
Dean & Barrett
P.O. Box 231
Opelika, AL 36803-0231


/s/ Ronald G. Davenport
OF COUNSEL